UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| GLENN MARTIN, Individually and For Others Similarly Situated<br><br>v.<br><br>COMPASS GROUP USA, INC. | Case No. _____<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Rule 23 Class Action |

**ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. Glenn Martin (Martin) brings this class and collective action lawsuit to recover unpaid wages and other damages from Compass Group USA, Inc. (Compass Group).

2. During the relevant period, Compass Group employed Martin as one of its Day Rate Workers (defined below) in Massachusetts.

3. Specifically, Compass Group employed Martin and the other Day Rate Workers as delivery drivers.

4. As Compass Group delivery drivers, the Day Rate Workers' primary duties included safely transporting food items (e.g., vending machine concessions) in vans that weigh less than 10,000 pounds via interstate highways and delivering the same to Compass Group's clients.

5. The Day Rate Workers regularly worked more than 40 hours a week.

6. But Compass Group did not pay its Day Rate Workers overtime.

7. Instead, Compass Group paid the Day Rate Workers a flat amount for each day worked, regardless of the total number of hours they worked in a workweek (a "day rate").

8. Compass Group uniformly applied its day rate pay scheme to the Day Rate Workers regardless of any individualized factors.

9. Compass Group's uniform day rate pay scheme violates the Fair Labor Standards Act (FLSA) and the Massachusetts Wage and Hour Law (MWHA) by depriving the Day Rate Workers of the overtime pay they are owed for all hours worked after 40 in a workweek.

## JURISDICTION & VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. This Court has supplemental jurisdiction of the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

12. This Court has specific personal jurisdiction over Compass Group because Compass Group conducts substantial business in Massachusetts, including maintaining an office in Waltham, Massachusetts and employing workers (like Martin) in Massachusetts.

13. Venue is proper because a substantial portion of the events or omissions giving rise to this action occurred in this District. 28 U.S.C. § 1391(b)(2).

14. Specifically, Compass Group employed Martin in and around Norwood, Massachusetts.

## PARTIES

15. Martin worked for Compass Group as a Vending Route Driver in Norwood, Massachusetts from approximately March 2022 until March 2023.

16. Throughout his employment, Martin regularly worked more than 40 hours each week.

17. Throughout his employment, Compass Group paid Martin a day rate with no overtime for the hours he worked over 40 each week.

18. Martin's written consent is attached as **Exhibit 1**.

19. Martin brings this action on behalf of himself and all other similarly situated Drivers who Compass Group paid under its day rate pay scheme.

2

20. Compass Group paid each of these employees a flat amount for each day worked, regardless of the total number of hours they worked in a workweek.

21. Thus, Compass Group failed to pay these employees overtime when they worked more than 40 hours in a workweek in violation of the FLSA and MWHA.

22. The FLSA Collective of similarly situated employees is defined as:

> **All Drivers who worked for, or on behalf of, Compass Group through any of its operating companies[1] who were paid day rate with no overtime at any time during the past 3 years ("FLSA Collective Members").**

23. Martin also seeks to represent a class under the MWHA pursuant to FED. R. CIV. P. 23.

24. The Massachusetts Class of similarly situated employees is denied as:

> **All Drivers who worked for, or on behalf of, Compass Group through any of its operating companies[2] who were paid day rate with no overtime while working in Massachusetts at any time during the past 3 years ("Massachusetts Class Members").**

25. The FLSA Collective Members and Massachusetts Class Members are collectively referred to as the "Day Rate Workers."

26. Compass Group is a Delaware corporation headquartered in Charlotte, North Carolina.

27. Compass Group is registered to do business in the Commonwealth.

28. Compass Group can be served through its registered agent: **Corporation Service Company, 84 State Street, Boston, Massachusetts 02109**.

---

[1] *See* https://www.compass-usa.com/our-companies/ (explaining Compass Group is made up of "28 specialized operating companies") (last visited October 11, 2023).
[2] *See* https://www.compass-usa.com/our-companies/ (explaining Compass Group is made up of "28 specialized operating companies") (last visited October 11, 2023).

**FLSA Coverage**

29. At all relevant times, Compass Group was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

30. At all relevant times, Compass Group was an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

31. At all relevant times, Compass Group was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, vehicles, and food items—that have been moved in or produced for commerce.

32. At all relevant times, Compass Group has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

33. At all relevant times, the Day Rate Workers were Compass Group's "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

34. Compass Group provides food service support to businesses across the country.

35. Compass Group's food service support includes delivery of food products to its customers.

36. Compass Group employed the Day Rate Workers as delivery drivers.

37. As Compass Group Drivers, the Day Rate Workers' primary responsibilities included safely transporting food products via intra- and interstate highways to deliver such products to Compass Group's customers.

38. The delivery driver services the Day Rate Workers provided to Compass Group and its customers was necessary to keep the intra- and interstate flow of food products.

39. Indeed, the Day Rate Workers' jobs were centered on ensuring the safe transportation of such food products to their ultimate destination.

40. Compass Group and its clients rely on the Day Rate Workers to ensure the safe transportation of these goods in interstate commerce.

41. Without the work of delivery drivers like the Day Rate Workers, Compass Group's food products would not be transported intra- or interstate to Compass Group's clients.

42. At all relevant times, the Day Rate Workers were actively and directly engaged in the transportation of food products across state lines.

43. The Day Rate Workers performed work that directly progressed the movement of goods, specifically food products, across state lines.

44. The Day Rate Workers were employed in the channels of commerce.

45. At all relevant times, the Day Rate Workers were engaged in commerce or in the production of goods for commerce.

46. Compass Group uniformly paid the Day Rate Workers under its day rate pay scheme regardless of any individualized factors.

47. As a result of Compass Group's uniform day rate pay scheme, the Day Rate Workers (which, as noted above, include Martin) did not receive overtime as required by the FLSA.

48. Compass Group applied its illegal day rate pay scheme to the Day Rate Workers regardless of any alleged individualized factors, such as specific job title or precise geographic location.

49. By paying the Day Rate Workers a day rate, Compass Group did not pay these workers at least 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

50. Compass Group's uniform day rate pay scheme therefore violates the FLSA. 29 U.S.C. § 207(a) & (e).

**FACTS**

51. Compass Group is a family of companies that bills itself as the leading food services and support services company in the country.[3]

52. To meet its business objectives, Compass Group hires Drivers, like the Day Rate Workers, who it assigns to deliver items (e.g., vending concessions and other food items) to its clients across the country, including in Massachusetts.

53. Compass Group uniformly pays its Day Rate Workers under its day rate pay scheme.

54. Martin and the other Day Rate Workers regularly work more than 40 hours a week.

55. For example, throughout his employment, Martin typically worked 55 to 65 hours each week.

56. But Compass Group does not pay them overtime for the hours they work over 40 hours in a week.

57. Instead, Compass Group pays Martin and the other Day Rate Workers their set day rate for their actual days worked.

58. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practice for similar work.

59. For example, Martin worked for Compass Group as a Vending Route Driver in Norwood, Massachusetts from approximately March 2022 until March 2023.

---

[3] *See* https://www.compass-usa.com/ (last visited October 9, 2023); https://www.compass-usa.com/our-companies/ (explaining Compass Group is made up of "28 specialized operating companies") (last visited October 9, 2023); https://www.compass-usa.com/our-companies/business-industry/ (identifying all Compass Group foodservice industry companies) (last visited October 9, 2023).

60. As a Vending Route Driver, Martin's primary responsibilities included transporting and delivering vending machine concessions to Compass Group's clients, including across state lines via interstate highways.

61. As a Vending Route Driver, Martin drove vans (e.g., sprinter vans and Nissan 2500 Vans) that weighed less than 10,000 pounds.

62. Compass Group paid Martin under its uniform illegal day rate pay scheme (without overtime for the hours he worked over 40 each week).

63. Specifically, Compass Group paid Martin approximately $300 each day he actually worked, regardless of the number of hours he worked that week.

64. And Compass Group failed to pay Martin overtime when he worked more than 40 hours in a workweek, which he regularly did.

65. Compass Group uniformly paid Martin and the Day Rate Workers under its illegal day rate pay scheme that deprived these employees of minimum wages and premium overtime wages when they worked more than 40 hours in a workweek.

66. Compass Group never paid Martin and the Day Rate Workers a guaranteed salary that was not subject to deduction based on the number of days or hours he worked.

67. Rather, Compass Group only paid Martin and the Day Rate Workers their set day rates for the actual days they worked.

68. Compass Group never paid the Day Rate Workers on a "salary basis."

69. Compass Group did not pay its Day Rate Workers a guaranteed salary that was not subject to deduction based on the quantity or quality of work.

70. If Martin and the Day Rate Workers did not work, they did not get paid.

71. Thus, Compass Group never paid Martin and the Day Rate Workers on a "salary basis." *See Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. 39, 143 S.Ct. 677, 685 (2023) ("Daily-rate

7

workers, of whatever income level, are paid on a salary basis only through the test set out in § 604(b)"); *see also* 29 C.F.R. § 541.604.

72. Compass Group only paid Martin and the Day Rate Workers their day rates for each day worked that deprived them of premium overtime wages when they worked more than 40 hours in a workweek.

73. Further, despite misclassifying Martin and the Day Rate Workers as exempt, Martin and the other Day Rate Workers primarily perform non-exempt job duties.

74. The Day Rate Workers' primary duties do not include supervising other Compass Group employees.

75. The Day Rate Workers' primary duties are not management.

76. The Day Rate Workers' primary duties do not require the exercise of independent judgment or discretion with respect to matters of significance.

77. Rather, the Day Rate Workers' primary duties are routine and largely governed by standardized plans, procedures, and checklists created by Compass Group.

78. Virtually every job function is predetermined by Compass Group, including the vehicles to drive, the items to deliver, the routes to use, the schedule of work, and related work duties.

79. As Compass Group Drivers, the Day Rate Workers drive vehicles that weigh less than 10,000 pounds.

80. As Compass Group Drivers, the Day Rate Workers do not drive trucks.

81. As Compass Group Drivers, the Day Rate Workers are not required to possess any specialized drivers' licenses (like a CDL), nor are they required to obtain or display any hazardous materials placards within the meaning of 49 C.F.R. § 172.502.

82. This is because, as Compass Group Drivers, the Day Rate Workers' primary duties do not include transporting hazardous materials.

83. Rather, as Compass Group Drivers, the Day Rate Workers' primary duties include transporting food items (e.g., vending machine concessions) and delivering them to Compass Group's clients.

84. In sum, Martin and the Day Rate Workers are non-exempt employees and, therefore, entitled to overtime wages.

85. But Compass Group does not pay Martin and the Day Rate Workers overtime for the hours they work over 40 in a week.

86. This is despite the fact Martin and the Day Rate Workers regularly work overtime.

87. Indeed, Martin worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

88. Likewise, each Day Rate Worker also worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

89. In fact, Martin and the Day Rate Workers typically work 10 to 12 hours a day, for at least 5 days a week (or 50 to 60+ hours).

90. Martin and the other Day Rate Workers work in accordance with the schedule set by Compass Group.

91. Although Martin and the Day Rate Workers regularly work more than 50 hours each week, Compass Group does not pay them overtime wages in willful violation of the FLSA and MWHA.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

92. Martin incorporates all other paragraphs by reference.

93. Martin brings his claims as a class and collective action on behalf of himself and the other Day Rate Workers.

94. The Day Rate Workers are uniformly victimized by Compass Group's uniform day rate pay scheme, which is in willful violation of the FLSA and MWHA.

95. Other Day Rate Workers, including those who worked with Martin in Massachusetts, indicated they were paid in the same manner, performed similar work, and were subject to Compass Group's same day rate pay scheme.

96. Based on his experience with Compass Group, Martin is aware Compass Group's illegal practices were imposed on the Day Rate Workers, including those working in Massachusetts.

97. The Day Rate Workers are similarly situated in the most relevant respects.

98. Even if their precise job duties and locations might vary, these differences do not matter for the purposes of determining their entitlement to overtime.

99. Any relevant exemption defenses would require Compass Group to pay the Day Rate Workers on a "salary basis."

100. Because Compass Group fails the "salary basis" test with respect to the Day Rate Workers, the specific job duties performed by those employees are largely irrelevant.

101. The *relevant* inquiry is whether Compass Group paid the Day Rate Workers a day rate with no overtime for the hours they worked over 40 each week (which, by definition, they did).

102. Therefore, the specific job titles or precise job locations of the various Day Rate Workers do not prevent class or collective treatment.

103. Rather, Compass Group's uniform day rate pay scheme renders Martin and the other Day Rate Workers similarly situated for the purposes of determining their right to overtime pay.

104. Compass Group's records reflect the number of days and/or hours worked each week by the Day Rate Workers.

105. Compass Group's records also show it paid the Day Rate Workers a day rate with no overtime wages.

106. The back wages owed to Martin and the other Day Rate Workers can therefore be calculated using the same formula applied to the same records.

107. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Compass Group's records, and there is no detraction from the common nucleus of liability facts.

108. Therefore, the issue of damages does not preclude class or collective treatment.

109. Martin's experiences are therefore typical of the experiences of the Day Rate Workers.

110. Martin has no interest contrary to, or in conflict with, the Day Rate Workers that would prevent class or collective treatment.

111. Like each Day Rate Worker, Martin has an interest in obtaining the unpaid wages owed under federal and/or Massachusetts law.

112. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

113. Absent this class and collective action, many Day Rate Workers will not obtain redress for their injuries, and Compass Group will reap the unjust benefits of violating the FLSA and MWHA.

114. Further, even if some of the Day Rate Workers could afford individual litigation, it would be unduly burdensome to the judicial system.

115. Concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Day Rate Workers' claims.

116. The questions of law and fact that are common to each Day Rate Worker predominate over any questions affecting solely the individual members.

117. Among the common questions of law and fact are:

    a. Whether Compass Group applied its day rate pay scheme uniformly to the Day Rate Workers;

  b. Whether Compass Group misclassified Martin and the Day Rate Workers as exempt from the FLSA's and MWHA's respective overtime provisions;

  c. Whether Martin and the Day Rate Workers are non-exempt employees entitled to overtime wages;

  d. Whether Compass Group's day rate pay scheme satisfies the "salary basis" test;

  e. Whether Compass Group's day rate pay scheme deprived Martin and the Day Rate Workers of premium overtime wages they are owed under the FLSA and MWHA;

  f. Whether Compass Group's decision to misclassify Martin and the Day Rate Workers as exempt from overtime was made in good faith;

  g. Whether Compass Group's decision not to pay Martin and the Day Rate Workers overtime was made in good faith; and

  h. Whether Compass Group's violations of the FLSA and MWHA were willful.

118. Martin knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

119. As part of its regular business practices, Compass Group intentionally, willfully, and repeatedly violated the FLSA and MWHA with respect to the Day Rate Workers.

120. Compass Group's illegal day rate pay scheme deprived Martin and the other Day Rate Workers of the premium overtime wages they are owed under Massachusetts and federal law.

121. There are many similarly situated Day Rate Workers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

122. This notice should be sent to the Day Rate Workers pursuant to 29 U.S.C. § 216(b).

123. The Day Rate Workers are known to Compass Group, are readily identifiable, and can be located through Compass Group's business and personnel records.

### COMPASS GROUP'S WAGE VIOLATIONS WERE WILLFUL AND/OR DONE IN RECKLESS DISREGARD OF THE FLSA AND/OR MWHA

124. Martin incorporates all other paragraphs by reference.

125. Compass Group knew it was subject to the FLSA's and MWHA's respective overtime provisions.

126. Compass Group knew the FLSA and MWHA required it to pay non-exempt employees, including the Day Rate Workers, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

127. Compass Group knew the Day Rate Workers were paid on a daily basis.

128. Compass Group knew the Day Rate Workers were paid a day rate (with no overtime).

129. Compass Group knew each Day Rate Worker worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

130. Compass Group knew the Day Rate Workers were not paid on a "salary basis."

131. Compass Group knew the Day Rate Workers did not receive any guaranteed salary that was not subject to deduction based on the number days worked.

132. Thus, Compass Group knew its day rate pay scheme did not satisfy the salary basis test.

133. Compass Group knew it needed to pass the salary basis test to qualify for any overtime exemptions it claimed with respect to the Day Rate Workers.

134. Compass Group knew the Day Rate Workers' primary duties did not include driving vehicles that weighed more than 10,000 pounds.

135. Compass Group knew the Day Rate Workers' primary duties did not include driving trucks.

136. Rather, Compass Group knew the Day Rate Workers primarily drove vans weighing less than 10,000 pounds.

137. Compass Group knew the Day Rate Workers were not required to possess any specialized license(s) to perform their primary job duties.

138. Compass Group knew the Day Rate Workers' primary duties did not include transporting any hazardous materials.

139. Thus, Compass Group knew the Day Rate Workers primarily performed non-exempt work.

140. Nonetheless, Compass Group uniformly misclassified the Day Rate Workers as exempt and refused to pay them overtime.

141. Compass Group's decision to misclassify Martin and the Day Rate Workers as exempt employees was neither reasonable, nor was the decision to misclassify these employees as exempt made in good faith.

142. Likewise, Compass Group's failure to pay Martin and the Day Rate Workers overtime for the hours they worked over 40 in a week was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

143. Compass Group knew, should have known, or showed reckless disregard for whether the conduct described in this Complaint violated the FLSA and MWHA.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (FLSA COLLECTIVE)

144. Martin incorporates all other paragraphs by reference.

145. Martin brings his FLSA claims as a collective action on behalf of himself and the other FLSA Collective Members.

146. Compass Group violated, and is violating, the FLSA by employing non-exempt employees (Martin and the other FLSA Collective Members) in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for the hours they worked after 40 in a workweek.

147. Compass Group's unlawful conduct harmed Martin and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

148. Accordingly, Martin and the FLSA Collective Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus an equal amount as liquidated damages, as well as attorney's fees and costs.

## COUNT II
### FAILURE TO PAY OVERTIME WAGES UNDER THE MWHA
### (MASSACHUSETTS CLASS)

149. Martin incorporates all other paragraphs by reference.

150. Martin brings his MWHA claims as a class action on behalf of himself and the other Massachusetts Class Members pursuant to FED. R. CIV. P 23.

151. At all relevant times, Compass Group was an "employer" within the meaning of the MWHA. *See* M.G.L. 151 § 2.

152. At all relevant times, Compass Group employed Martin and the Massachusetts Class Members as covered "employees" within the meaning of the MWHA. *See* M.G.L. 151 § 2.

153. The MWHA requires employers, like Compass Group, to pay non-exempt employees, including Martin and the Massachusetts Class Members, overtime wages at rates not less than 1.5 the employee's regular rate of pay for all hours worked after 40 in a workweek. *See* M.G.L. 151 § 1A.

154. Compass Group violated, and is violating, the MWHA by employing non-exempt employees (Martin and the other Massachusetts Class Members) in a covered enterprise for

workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for the hours they worked after 40 in a workweek.

155. Compass Group's unlawful conduct harmed Martin and the other Massachusetts Class Members by depriving them of the overtime wages they are owed.

156. Accordingly, Martin and the Massachusetts Class Members are entitled to recover their unpaid overtime wages under the MWHA in an amount equal to 1.5 times their regular rates of pay, plus treble damages, as well as attorney's fees and costs. *See* M.G.L. 151 § 1B.

## JURY DEMAND

157. Martin demands a trial by jury.

## RELIEF SOUGHT

Martin, individually and on behalf of the Day Rate Workers, seeks the following relief:

a. An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the FLSA Collective Members allowing them to join this action by filing a written notice of consent;

b. An Order designating this lawsuit as a class action pursuant to FED. R. CIV. P. 23;

c. An Order appointing Martin and his counsel to represent the interests of the Day Rate Workers;

d. An Order pursuant to Section 16(b) of the FLSA finding Compass Group liable for unpaid overtime wages due to Martin and the FLSA Collective Members, plus liquidated damages in amount equal to their unpaid wages;

e. An Order pursuant to the MWHA finding Compass Group liable for unpaid overtime wages due to Martin and the Massachusetts Class Members, plus treble damages in amount equal to two times their unpaid wages;

f.  A Judgment against Compass Group awarding Martin and the Day Rate Workers all their unpaid overtime wages, liquidated damages, treble damages, and any other penalties available under the FLSA and MWHA;

g.  An Order awarding attorney's fees, costs, and expenses;

h.  Pre- and post-judgment interest at the highest applicable rates; and

i.  Such other and further relief as may be necessary and appropriate.

Dated: October 12, 2023.

Respectfully submitted,

**GORDON LAW GROUP LLP**

By: */s/ Philip J. Gordon*
      Philip J. Gordon
      Mass. BBO# 630989
585 Boylston Street
Boston, Massachusetts 02116
617-536-1800 – Telephone
617-536-1802 – Facsimile
pgordon@gordonllp.com

Michael A. Josephson*
Andrew W. Dunlap*
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
rburch@brucknerburch.com

*Pro hac vice applications forthcoming*

**ATTORNEYS FOR MARTIN
& THE DAY RATE WORKERS**